UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Megan Nelson on behalf of herself
and all others similarly situated,

          Plaintiff,

  v.

BMW Financial Services NA, LLC,
All Wheels Recovery, Inc., and John
Doe Repossession Agencies 1–10,

          Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 15-2661 ADM/SER

_____

Thomas J. Lyons, Jr., Esq., Consumer Justice Center PA, Vadnais Heights, MN, for Plaintiff.

David J. Warden, Esq., Nilan Johnson Lewis PA, Minneapolis, MN, for Defendant All Wheels Recovery, Inc.

_____

## I.  INTRODUCTION

On October 23, 2015, the undersigned United States District Judge heard oral argument on Defendant All Wheels Recovery, Inc.'s ("All Wheels") Motion to Dismiss Counts I and II of Plaintiff Megan Nelson's ("Nelson") Complaint [Docket No. 16]. For the reasons stated herein, the motion is granted in part and denied in part.

## II.  BACKGROUND

On December 2, 2011, Defendant BMW Financial Services NA, LLC ("BMW") extended a loan to Nelson to finance the purchase of a 2011 Chrysler 200. Am. Compl. [Docket No. 22] ¶ 9. The loan agreement required Nelson to make equal monthly installment payments. Id. Over the course of the loan, Nelson made multiple late, partial, and irregular payments. Id. ¶ 13. According to Nelson, BMW accepted these payments and failed to notify her that strict compliance with the payment schedule was required under the loan. Nelson relies for her

authority on Cobb v. Midwest Recovery Bureau Co., which held that "the repeated acceptance of late payments by a creditor who has the contractual right to repossess the property imposes a duty on the creditor to notify the debtor that strict compliance with the contract terms will be required before the creditor can lawfully repossess the collateral." 295 N.W.2d 232, 237 (Minn. 1980).

On March 20, 2015, upon receiving a statement indicating a past due amount, Nelson sent BMW a payment of $250.00. Am. Compl. ¶ 16. Nelson again became delinquent on her payments soon thereafter. Id. ¶ 17. Subsequently, BMW hired All Wheels to repossess the vehicle. Id. ¶ 18. On April 16, 2015, All Wheels executed repossession of the car from Nelson's driveway over her objections. Id. ¶¶ 20–26.

Nelson initiated this action on June 5, 2015 against BMW and All Wheels, alleging that the repossession was unlawful under Cobb. See generally Compl. [Docket No. 1]. The Complaint asserts three claims: (1) Count I for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f(6); (2) Count II for wrongful repossession under Minn. Stat. § 336.9–609; and (3) Count III for conversion. Id. ¶¶ 67–81; Am. Compl. ¶¶ 78–92.

On September 1, 2015, All Wheels moved to dismiss Count I and II. As to Count I, All Wheels argued that Nelson failed to plead sufficient facts to establish All Wheels' status a "debt collector" under the FDCPA. As to Count II, All Wheels argued that Nelson cannot sustain a cause of action against it under Minnesota's Uniform Commercial Code ("UCC"), Minn. Stat. § 336.9–609, because All Wheels is not a "secured party." Subsequently, on September 22, 2015, Nelson filed the Amended Complaint which pled further factual allegations attempting to establish All Wheels' "debt collector" status. The parties now agree that only All Wheels'

argument directed to Count II remains at issue.[1]

## III. DISCUSSION

**A. Motion to Dismiss Standard**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879–80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880.

A pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility

---

[1] The parties agreed at the hearing that All Wheels' Motion to Dismiss Count II should be applied to the Amended Complaint since the operative language of the amended complaint remains the same. Although some courts treat an amended complaint as mooting a pending motion to dismiss, the Court maintains discretion to apply arguments raised in a pending motion to dismiss to a later filed amended complaint and will do so here. See Cartier v. Wells Fargo Bank, N.A., 547 Fed. Appx. 800, 803–04 (8th Cir. 2013) (holding that the district court did not err in treating a motion to dismiss an original complaint as applying to a later filed amended complaint).

of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

**B. Section 336.9–609's Application to Unsecured Parties**

Nelson claims that All Wheels violated Minn. Stat. § 336.9–609 when it wrongfully repossessed her car because BMW previously accepted multiple partial and late payments. Nelson contends the rule articulated in Cobb required All Wheels to notify her that strict compliance with the payment terms was required before effectuating repossession. See Cobb, 295 N.W.2d at 237. All Wheels counters that it cannot be held liable under § 336.9–609 because that provision only mandates a standard of conduct for secured parties, not independent contractors operating on a secured party's behalf.

Section 336.9–609, entitled "Secured party's right to take possession after default," specifies the following regarding repossession:

> (a) Possession; rendering equipment unusable; disposition on debtor's premises. After default, a secured party:
>     (1) may take possession of the collateral; and
>     (2) without removal, may render equipment unusable and dispose of collateral on a debtor's premises under section 336.9–610.
> (b) Judicial and nonjudicial process. A secured party may proceed under subsection (a):
>     (1) pursuant to judicial process; or
>     (2) without judicial process, if it proceeds without breach of the peace.

However, "[c]ourts in this District have adopted varying and conflicting approaches" as to whether § 336.9–609 confers liability on repossession agencies working for secured parties. Revering v. Northwest Bank Minn., N.A., Civ. No. 99–480, 1999 WL 33911360, at *5 (D. Minn. Nov. 30, 1999).

According to All Wheels, because the statute references a "secured party's right" and the

4

Amended Complaint makes no allegations that All Wheels maintained a security interest in Nelson's vehicle, Nelson has not articulated a viable cause of action under § 336.9–609 against All Wheels.  In support of this contention, All Wheels cites to both Shelley v. Wells Fargo, Civ. No. 97-1837, 1998 U.S. Dist. LEXIS 22580 (D. Minn. July 2, 1998) and Saice v. MidAmerica Bank, Civ. No. 98-2396, 1999 WL 33911356 (D. Minn. Sept. 30, 1999).  In Shelley, the Court granted summary judgment to a defendant repossession agency on the grounds that the repossession involved a leased vehicle and therefore no secured transaction was at issue.  See generally Shelley, 1998 U.S. Dist. LEXIS 22580.  However, the Court recognized in a footnote that § 336.9 had no applicability to an independent contractor repossessing on behalf of a secured party because "by its terms, Minn. Stat. § 336.9–503 does not create a cause of action against a company retained by a secured party to repossess collateral."[2]  Id. at *10, n.3.  Similarly, in Saice, the Court reasoned that "[i]t has never been the law that plaintiffs are permitted to sue repossession agents based on the remedies provided by the U.C.C."  Saice, 1999 WL 33911356, at *4.  Rather, the Saice court concluded, a plaintiff may sue a repossession agency when the conduct alleged to violate § 336.9 also supports an independent tort claim.  Id.

Courts in this district, however, have more recently changed course to find that a plaintiff may maintain a claim under § 336.9–609 against an independent contractor performing repossession on behalf of a secured party.  In Oehrlein v. Western Funding, Inc., although a claim against a repossession agency under § 336.9 ultimately failed because the vehicle in question was not actually repossessed, the court commented on the viability of a claim against an

---

[2] Minn. Stat. § 336.9–503 was renumbered as Minn. Stat. § 336.9–609 upon Minnesota's adoption of revised Article 9 of the UCC.

independently contracted repossession agency under the UCC.  Civ. No. 97-2726, 1999 U.S. Dist. LEXIS 17919 (D. Minn. January 26, 1999).  The Court found that a plaintiff could maintain such a claim and cited "numerous cases in which such agencies have been held liable." Id. at *15–16.

After Oehrlein, several Courts in this district have followed suit to require those performing repossession on behalf of secured parties to comply with the standards set forth in § 336.9–609.  See Osborne v. Minnesota Recovery Bureau, Inc., No. 04-1167, 2006 WL 1314420, at *2 (D. Minn. May 12, 2006) (holding that "an independent contractor operating on behalf of a secured party may be liable under Minn. Stat. § 336.9–609"); Akerlund v. TCF Nat'l Bank of Minn., No. 99-1537, 2001 WL 1631440, at *4 (D. Minn. June 11, 2001) ("The Court is persuaded by the argument of the Oehrlein court, and finds that as an independent contractor [defendant] was operating on behalf of a secured party . . . and thus is governed by the standards of conduct set forth in Minn. Stat. § 336.9–503.").  This Court agrees.  As noted in Osborne, finding Minn. Stat. § 336.9–609 applicable to an independent contractor's actions is "appropriate because 'self-help repossession is a harsh remedy,' and 'strict application of the law is necessary to prevent abuse and to discourage illegal conduct.'" 2006 WL 1314420 at *2 (quoting Nichols v. Metro. Bank, 435 N.W.2d 637, 641 (Minn. Ct. App. 1989)).  Accordingly, Nelson may assert a cause of action under Minn. Stat. § 336.9–609 against All Wheels for wrongful repossession as an unsecured party.

**C.  Damages Under Minn. Stat. § 336.9–625(c)(2)**

All Wheels additionally argues that even if the Court finds a viable cause of action exists under Minn. Stat. § 336.9–609, Nelson is not entitled to the damages she seeks under Minn. Stat.

§ 336.9–625(c)(2), which provides recovery for noncompliance in the amount of the finance charge plus ten percent. Section 336.9–625 provides, in relevant part:

> (b) Damages for noncompliance losses. Subject to subsections (c), (d), and (f), a person is liable for damages in the amount of any loss caused by a failure to comply with this article. Loss caused by a failure to comply may include loss resulting from the debtor's inability to obtain, or increased costs of, alternative financing.
>
> (c)(2) if the collateral is consumer goods, a person that was a debtor or a secondary obligor at the time a <u>secured party</u> failed to comply with this part may recover for that failure in any event an amount not less than the credit service charge plus ten percent of the principal amount of the obligation or the time-price differential plus ten percent of the cash price.

Minn. Stat. § 336.9–625(b), (c)(2) (emphasis added). All Wheels argues § 336.9–625(c)(2) cannot impose damages on an unsecured party because the language of the section explicitly references instances of a secured party's violation. In response, Nelson admits that liability under § 336.9–625(c) is difficult to interpret, but maintains that the statute allows for an independent contractor's liability because the language does not explicitly limit damages solely to secured parties.

Nelson's interpretation of the section would effectively ignore the plain language of (c)(2), which specifies that the finance charge plus 10 percent is applicable in instances when "a secured party failed to comply" with the statute. The UCC comment to this section states that "[a] person who has delegated the duties of a secured party but who remains obligated to perform them is liable under this subsection." Uniform Commercial Code, Former § 9–503, cmt. 3. As such, the comment evinces an intent to hold the secured party liable, even in situations when the secured party contracted with a third party to perform the act of repossession.

Moreover, as All Wheels notes, the finance charge itself is originally paid to the secured party. Finding an unsecured contractor liable under § 336.9–625(c)(2) could lead to a nonsensical result. That is, even a plaintiff without actual damages could recover from the independent contractor repossession agent the finance charge plus 10 percent, when this amount was never paid to the contractor in the first instance. Accordingly, § 336.9–625(c)(2) does not provide for the finance damages Nelson seeks from All Wheels. This conclusion, however, does not foreclose the possibility that an independent contractor may be liable for other damages (such as actual damages) under the section. See Osborne, 2006 WL 1314420, at *3 (holding that because the plain language of § 336.9–625(b) allows recovery for "any loss" plaintiff could state a cause of action under the statute for emotional distress damages). Nelson may maintain her wrongful repossession claim against All Wheels, however Nelson may not seek statutory damages pursuant to § 336.9–625(c)(2) against All Wheels.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant All Wheels Recovery, Inc. [Docket No. 16] is granted in part and denied in part:

1. To the extent Defendant All Wheels seeks to dismiss Count II in its entirety, the motion is denied; and

2.       To the extent Defendant All Wheels seeks to preclude damages under §

336.9–625(c)(2) for the finance charge plus 10 percent, the motion is granted.

BY THE COURT:


                                                         s/Ann D. Montgomery
                                                     ANN D. MONTGOMERY
                                                     U.S. DISTRICT JUDGE

Dated:  December 8, 2015.